UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------X

YILMAZ UCAR, *on behalf of himself,*                  Case No.
*FLSA Collective Plaintiffs and the Class,*

                              Plaintiff,                    **CLASS AND COLLECTIVE ACTION
                                                            COMPLAINT**

            -against-

CINAR FOODS INC d/b/a Cinar Turkish                       **Jury Trial Demanded**
Restaurant 1 Cliffside Park, ATOS FOOD LLC
d/b/a Cinar Turkish Restaurant 2 West Caldwell,
CINAR EMERSON LLC d/b/a Cinar Turkish
Restaurant 3 Emerson, TUNC OZLU,
ADEM BASKAYA and GERMEN TATAR,

                              Defendants.
---------------------------------------------------------------X

Plaintiff Yilmaz Ucar ("Ucar" or "Plaintiff"), on behalf of himself, FLSA Collective

Plaintiffs and the Class, alleges against Defendants Cinar Foods Inc d/b/a Cinar Turkish

Restaurant 1 Cliffside Park ("Cinar 1"), Atos Food LLC d/b/a Cinar Turkish Restaurant 2 West

Caldwell ("Cinar 2"), Cinar Emerson LLC d/b/a Cinar Turkish Restaurant 3 Emerson ("Cinar

3"), Tunc Ozlu ("Olzu"), Adem Baskaya ("Baskaya") and Germen Tatar ("Tatar") (collectively,

Defendants"), upon information and belief, as follows:

## NATURE OF THE CLAIMS

1. Ucar was employed by the Defendants as Executive Chef from approximately May 2015

    to December 1, 2017.  Despite working in excess of forty hours per week, Ucar was not

    paid overtime for the hours worked in excess of forty each week.  Furthermore, from

    approximately January 1, 2017 to December 1, 2017, Defendants failed to pay Ucar at his

    contractual rate of $1,500.00 per week, in violation of the law and in breach of contract.

1

2.   Ucar's complaints to Defendants about being paid improperly caused retaliation, ultimately resulting in Ucar's constructive termination.

3.   Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended 29 U.S.C. § 201 *et. seq.* ("FLSA") that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) unpaid wages, (4) liquidated damages and (5) attorneys' fees and costs.

4.   Plaintiff further alleges, pursuant to the New Jersey Wage and Hour Law, N.J.S.A. 34:14-56a *et. seq.* ("NJWHL") and the New Jersey Wage Collection Law ("NJWCL") that he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime, (3) unpaid wages, (4) liquidated damages and (5) attorneys' fees and costs.

5.   Plaintiff further alleges claims for breach of contract and retaliation.

## JURISDICTION AND VENUE

6.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 because this action involves federal questions regarding the deprivation of Plaintiff's rights under the FLSA.  Pursuant to 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Plaintiff's related claims under New Jersey state law.

7.   Pursuant to 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in this district.

8.   This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9.   Plaintiff Yilmaz Ucar ("Ucar" or "Plaintiff") was and is a resident of Bergen County, New Jersey.

10. Defendant Cinar Foods Inc d/b/a Cinar Turkish Restaurant 1 Cliffside Park ("Cinar 1") was and is a domestic for-profit corporation organized under the laws of the State of New Jersey, with a principle place of business and an address for service of process located at 677 Palisade Avenue, Cliffside Park NJ 07010.

11. At all times relevant to this action, Cinar 1 has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

12. Defendant Atos Food LLC d/b/a Cinar Turkish Restaurant 2 West Caldwell ("Cinar 2") was and is a domestic limited liability company organized under the laws of the State of New Jersey, with a principle place of business and an address for service of process located at 632 Bloomfield Avenue, West Caldwell NJ 07006.

13. At all times relevant to this action, Cinar 2 has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

14. Defendant Cinar Emerson LLC d/b/a Cinar Turkish Restaurant 3 Emerson ("Cinar 3") was and is a domestic limited liability company organized under the laws of the State of New Jersey, with a principle place of business and an address for service of process located at 244 Kinderkamack Road, Emerson NJ 07630.

15. At all times relevant to this action, Cinar 3 has been a business or enterprise engaged in interstate commerce employing more than two employees and earning gross annual sales over $500,000.00.

16. Defendant Tunc Ozlu ("Ozlu"), upon information and belief, was and is a resident of the State of New Jersey.

3

17. At all times relevant to this action, Ozlu was and is the Owner of Cinar 1.

18. At all times relevant to this action, Ozlu was and is the Owner of Cinar 2.

19. At all times relevant to this action, Olzu was and is the Owner of Cinar 3.

20. Ozlu exercised control over the employment terms and conditions of Ucar.  Ozlu had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff.  At all times, Plaintiff could complain to Ozlu directly regarding any of the terms of his employment, and Ozlu would have the authority to effect any changes to the quality and terms of Plaintiff's employment.  Ozlu exercised functional control over the business and financial operations of Cinar 1, Cinar 2 and Cinar 3.

21. Defendant Adem Baskaya ("Baskaya"), upon information and belief, was and is a resident of the State of New Jersey.

22. At all times relevant to this action, Baskaya was and is the Owner of Cinar 1.

23. At all times relevant to this action, Baskaya was and is the Owner of Cinar 2.

24. At all times relevant to this action, Baskaya was and is the Owner of Cinar 3.

25. Baskaya exercised control over the employment terms and conditions of Ucar.  Baskay had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff.  At all times, Plaintiff could complain to Baskaya directly regarding any of the terms of his employment, and Baskaya would have the authority to effect any changes to the quality and terms of Plaintiff's employment.  Baskaya exercised functional control over the business and financial operations of Cinar 1, Cinar 2 and Cinar 3.

26. Defendant Germen Tatar ("Tatar"), upon information and belief, was and is a resident of the State of New Jersey.

27. At all times relevant to this action, Tatar was and is the Owner of Cinar 1.

28. At all times relevant to this action, Tatar was and is the Owner of Cinar 2.

29. At all times relevant to this action, Tatar was and is the Owner of Cinar 3.

30. Tatar exercised control over the employment terms and conditions of Ucar.  Tatar had and exercised the power and authority to (i) fire and hire, (ii) determine the rate and method of pay, (iii) determine work schedules and (iv) otherwise affect the quality of employment of Plaintiff.  At all times, Plaintiff could complain to Tatar directly regarding any of the terms of his employment, and Tatar would have the authority to effect any changes to the quality and terms of Plaintiff's employment.  Tatar exercised functional control over the business and financial operations of Cinar 1, Cinar 2 and Cinar 3.

31. The acts of Cinar 1, Cinar 2 and Cinar 3 charged in this Complaint were authorized, directed or accomplished by Ozlu, Baskaya and Tatar individually or jointly, by themselves or their agents, officers, employees or representatives, while actively engaged in the management of Cinar 1, Cinar 2 and Cinar 3's business.

32. At all relevant times, Cinar 1 was an "enterprise engaged in commerce" within the meaning of the FLSA and the Regulations thereunder.

33. At all relevant times, Cinar 2 was an "enterprise engaged in commerce" within the meaning of the FLSA and the Regulations thereunder.

34. At all relevant times, Cinar 3 was an "enterprise engaged in commerce" within the meaning of the FLSA and the Regulations thereunder.

35. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by the Defendants.

### FLSA COLLECTIVE ACTION ALLEGATIONS

36. Plaintiffs bring claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including cooks, food preparers, waiters, dishwashers and busboys, employed by the Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

37. At all relevant times, Plaintiffs and other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices and procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper overtime compensation at the rate of one and one half times the regular hourly rate for work in excess of forty (40) hours per workweek. The claims of the Plaintiffs stated herein are essentially the same as those of the FLSA Collective Plaintiffs.

38. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail in English and Spanish for the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW JERSEY

39. Plaintiffs also bring claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including cooks, food preparers, waiters, dishwashers and busboys, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class period").

40. All said persons, including the Plaintiffs, are referred to herein as the "Class."  The Class members are readily ascertainable.  The number and identity of the Class members are determinable from the records of Defendants.  The hours assigned and worked, the positions held, and the rate of pay for each Class member are also determinable from the Defendants' records.  For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.  Notice can be provided by means permissible under F.R.C.P. Rule 23.

41. The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants; upon information and belief, there are in excess of twenty (20) Class Members.

42. The Plaintiffs' claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate action.  All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay proper minimum wage, and (ii) failing to pay overtime compensation.  Defendants' corporate-wide

policies and practices affected all Class members similarly, and Defendants benefited

from the same type of unfair and/or wrongful acts as to each Class member.  The

Plaintiffs and other Class members sustained similar losses, injuries and damages arising

from the same unlawful policies, practices and procedures.

43. The Plaintiffs are able to fairly and adequately protect the interests of the Class and have

no interests antagonistic to the Class.  The Plaintiffs are represented by attorneys who are

experienced and competent in both class action litigation and employment litigation and

have previously represented plaintiffs in wage and hour cases.

44. A class action is superior to other available methods for the fair and efficient adjudication

of the controversy – particularly in the context of the wage and hour litigation where

individual class members lack the financial resources to vigorously prosecute a lawsuit

against a corporate defendant.   Class action treatment will permit a large number of

similarly situated persons to prosecute common claims in a single forum simultaneously,

efficiently, and without the unnecessary duplication of efforts and expense that numerous

individual actions engender.  Because losses, injuries and damages suffered by each of

the individual Class members are small in the sense pertinent to a class action analysis,

the expenses and burden of individual litigation would make it extremely difficult or

impossible for the individual Class members to redress to wrongs done to them.  On the

other hand, important public interests will be served by addressing the matter as a class

action.  The adjudication of the individual litigation claims would result in a great

expenditure of Court and public resources; however, treating the claims as a class action

would result in a significant saving of these costs.  The prosecution of separate actions by

individual members of the Class would create a risk of inconsistent and/or varying

8

adjudications with respect to the individual members of the Class, establishing

incompatible standards of conduct for the Defendants and resulting in the impairment of

class members' rights and the disposition of their interests through actions which they

were not parties.  The issues in this action can be decided by means of common, class-

wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion

methods to efficiently manage this action as a class action.

45. Defendants and other employers throughout the state violate the New Jersey wage laws.

Current employees are often afraid to assert their rights out of fear of direct or indirect

retaliation.  Former employees are fearful of bringing claims because doing so can harm

their employment, future employment, and future efforts to secure employment.  Class

actions provide class members who are not named in the Complaint a degree of

anonymity, which allows for the vindication of their rights while eliminating or reducing

those risks.

46. There are questions of law and fact common to the Class which predominate over any

questions affecting only individual class members, including:

(a)  Whether Defendants employed the Plaintiffs and Class members;

(b)  What are and were the policies, practices, programs, procedures, protocols and plans

of the Defendants regarding the types of work and labor for which the Defendants did

not pay the Class members properly;

(c)  At what common rate, or rates subject to common methods of calculation, was and

are Defendants required to pay the Plaintiffs and Class members for their work;

(d)  Whether Defendants properly notified the Plaintiffs and Class members of their

hourly rate and overtime rate;

(e) Whether Defendants paid the Plaintiffs and Class members the proper minimum wage compensation; and

(f) Whether Defendants paid the Plaintiffs and Class members the proper overtime compensation.

## FACTUAL ALLEGATIONS

47. Defendants own and operate three Turkish restaurants in New Jersey, which primarily serve food and drinks to the public.  The restaurants are Cinar 1 located at 677 Palisade Avenue, Cliffside Park NJ 07010; Cinar 2 located at 632 Bloomfield Avenue, West Caldwell NJ 07006; and Cinar 3 located at 214 Kinderkamack Roacd, Emerson NJ 07630.

48. From approximately May 2015 to December 1, 2017, Ucar was employed by the Defendants as an Executive Chef.

49. Ucar would work, at minimum, five days per week for Defendants.

50. Ucar would work, at minimum, thirteen hours per day, from 9am to 10pm.

51. Defendants failed to provide Ucar with a wage notice, upon his hire or annually.

52. Defendants failed to provide Ucar with proper wage statements for each payment he received.

53. Upon sincere information and belief, Defendants failed to maintain time records as to Ucar's hours worked.

54. From May 2015 through approximately December 2016, Ucar was paid the gross amount of $1,500.00 on a weekly basis by a combination of check and cash.

55. Defendants would pay the taxes taken out of the check back to Ucar in cash each week, so that he would receive a net amount of $1,500.00 on a weekly basis.

56. During Ucar's employment with Defendants, Ucar worked over forty (40) hours per week.

57. Although Ucar worked over forty hours per week, Defendants never paid Ucar at the required overtime premium rate.

58. Ucar was a non-exempt employee.

59. From approximately January 1, 2017 to December 1, 2017, Defendants failed to regularly pay Ucar his contractual rate of $1,500.00 on a weekly basis.

60. From approximately January 1, 2017 to December 1, 2017, Defendants failed to regularly pay Ucar at the required minimum wage rate.

61. From approximately January 1, 2017 to December 1, 2017, Defendants failed to pay Ucar at the required overtime premium rate.

62. Ucar complained to Tunc about not being paid the amount he was owed.

63. No action was taken in response to Ucar's complaints; rather, in retaliation for his complaints, Ucar was constructively terminated on or about December 1, 2017.

64. Other employees of the Defendants, including but not limited to: Hakan Hanegelioglu, Baris Turkmen, Ferdi Memli, Mehmet (last name currently unknown), Gokhan Bayrak and Nuh Demirel were also improperly paid.

65. Defendants knew that the foregoing acts violated the law, and that they would economically injure Plaintiff.

66. As a result of Defendants' conduct, Defendants are liable to Plaintiff for the full amount of unpaid wages owed, plus an additional equal amount as liquidated damages, plus attorneys' fees and costs incurred by Plaintiff.

## FIRST CAUSE OF ACTION
### (FLSA – Unpaid Minimum Wage and Unpaid Wages)

67. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

68. The FLSA requires covered employees, such as Defendants, to pay all employees their regular rate of pay for all hours worked.  Plaintiff was not exempt from this requirement.

69. From approximately January 1, 2017 to December 1, 2017, Defendants failed to regularly pay Plaintiff at his weekly rate of $1,500.00 per week.

70. As a result of Defendants' failure to pay, Defendants violated the FLSA.

71. The foregoing conduct of Defendants constitutes willful violations of the FLSA.

72. Defendants' violations of the FLSA have significantly damaged Plaintiff and entitle him to recover the total amount of his unpaid wages, and an additional equal amount in liquidated damages, and attorney's fees and costs.

## SECOND CAUSE OF ACTION
### (FLSA – Unpaid Overtime)

73. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

74. By failing to pay overtime at a rate not less than one and one-half (1.5) times the regular rate of pay for work performed in excess of 40 hours per week, Defendants have violated and continue to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a)(2).

75. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

76. Defendants' failure to pay overtime caused Plaintiff to suffer loss of wages and interest thereon.  Plaintiff is entitled to recover from Defendants this unpaid overtime premium compensation, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
### (NJWHL – Unpaid Minimum Wage)

77. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

78. Defendants intentionally and willfully regularly failed to pay and refused to pay Ucar minimum wage, in violation of New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.7, the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, and the New Jersey Wage and Hour Regulations, N.J.A.C. § 12:56-1.2(a)6, from approximately January 1, 2017 to December 1, 2017.

79. Defendants' willful violations entitle Plaintiff to his unpaid wages, liquidated damages, reasonable attorneys' fees and costs of the action to be determined by the court, plus interest.

## FOURTH CAUSE OF ACTION
### (NJWHL – Unpaid Overtime)

80. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully set forth herein.

81. Defendants intentionally and willfully failed to pay and refused to pay Plaintiff overtime wages in violation of New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.1 et seq., the

New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a4, and the New Jersey Wage and

Hour Regulations, N.J.A.C. § 12:56-5.1, throughout his employment.

82. Defendants' willful violations entitle Plaintiff to the recovery of his unpaid overtime,

liquidated damages, reasonable attorneys' fees and costs of the action to be determined

by the court, plus interest.

<div align="center">

**FIFTH CAUSE OF ACTION**
**(NJWCL – Unpaid Wages)**

</div>

83. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully

set forth herein.

84. The NJWCL provides a private cause of action to allow aggrieved employees, like

Plaintiff, to demand and collect all "wages" due and owing to him.

85. From approximately January 1, 2017 to December 1, 2017, Defendants failed to pay

Plaintiff at his regular rate of $1,500.00 per week.

86. As a result, Plaintiff has been damages in an amount to be determined at trial, plus

interest.

<div align="center">

**SIXTH CAUSE OF ACTION**
**(NJWHL – Untimely Payments)**

</div>

87. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully

set forth herein.

88. NJWHL 34:11-4.2 requires that "every employer shall pay the full amount of wages due

to his employees as least twice during each calendar month, on regular pay days

designated in advances by the employer…"

89. Defendants regularly failed to pay Plaintiff, in accordance with NJWHL 34:11-4.2

90. As a result, Plaintiff has been damages in an amount to be determined at trial, plus

interest.

## SEVENTH CAUSE OF ACTION
### (Breach of Contract)

91. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully

set forth herein.

92. Defendants agreed by contract to pay Plaintiff $1,500.00 per week.

93. For a portion of Plaintiff's employment, Defendants failed to pay Plaintiff at his

contractual rate of $1,500.00 per week, in breach of contract.

## EIGHTH CAUSE OF ACTION
### (FLSA Retaliation)

94. Plaintiff hereby repeats and realleges the preceding paragraphs as though they were fully

set forth herein.

95. Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in

any other manner discriminate against any employee because such employee has filed

any complaint or caused to be instituted any proceeding under or related to this Act…"

96. During the course of Plaintiff's employment with Defendants, Plaintiff complained about

being improperly paid.

97. Plaintiff was retaliated against for complaining, ultimately resulting in Plaintiff's

constructive termination.

98. As a result, Plaintiff has been damages in an amount to be determined at trial, plus

interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for an Order:

A. Requiring Defendants to file with the Court and provide to Plaintiff's counsel a list of all names and current (or best known) home addresses and email addresses of all individuals who currently work or have worked for Defendants as non-exempt during the applicable statute of limitations period, but were not paid overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week;

B. Authorizing Plaintiff's counsel to issue a notice informing Class Members that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit;

C. Designating Plaintiff Yilmaz Ucar as class representative of the New Jersey Class, and counsel of record as Class Counsel;

D. Finding that Defendants willfully violated the applicable provisions of the FLSA and NJSWHL by failing to pay all required wages to Plaintiff and the Class Members;

E. Granting judgment in favor of Plaintiff and the Class Members on their FLSA and NJSWHL claims;

F. Awarding compensatory damages to Plaintiff and the Class Members in an amount to be determined;

G. Awarding pre-judgment and post-judgment interest to Plaintiff and the Class Members;

H. Awarding liquidated damages to Plaintiff and the Class Members;

I. Awarding all costs and reasonable attorney's fees incurred prosecuting this claim;

J. Awarding reasonable incentive awards to the Named Plaintiffs to compensate them for the time and effort they have spent and will spend protecting the interest of other Class Members, and the risks they are undertaking;

K. Awarding appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

L. Awarding any further relief the Court deems just and equitable; and

M. Granting leave to add additional case plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court.

## JURY DEMAND

Plaintiff hereby demands a trial by jury in the above-captioned matter.

Dated: April 27, 2018
       New York, New York

<div style="margin-left:40%;">

Respectfully submitted,

**Akin Law Group PLLC**

*/s/ Robert D. Salaman*

_____

Robert D. Salaman
45 Broadway, Suite 1420
New York, NY 10006
(212) 825-1400
rob@akinlaws.com

*Counsel for Plaintiff*

</div>