# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YILMAZ UCAR, on behalf of himself, FLSA Collective Plaintiffs and the Class,<br><br>*Plaintiffs,*<br><br>vs.<br><br>CINAR FOODS INC. d/b/a Cinar Turkish Restaurant 1 Cliffside Park; ATOS FOOD, LLC d/b/a Cinar Turkish Restaurant 2 West Caldwell; CINAR EMERSON LLC d/b/a Cinar Turkish Restaurant 3 Emerson; TUNC OZLU; ADEM BASKAYA; and GERMEN TATAR,<br><br>*Defendants/Counterclaimants.* | Civil Action No.: 2:18-cv-8506-KM-MAH |

## BRIEF IN SUPPORT OF JOINT MOTION FOR APPROVAL OF
## THE PARTIES' SETTLEMENT AGREEMENT

BRACH EICHLER LLC
101 Eisenhower Parkway, Suite 201
Roseland, NJ 07068
Tel: (973) 228-5700
Fax: (973) 618-5972
arainone@bracheichler.com
mcritchley@bracheichler.com
*Attorneys for the Defendants/Counterclaimants*

Of Counsel and on the Brief:
Anthony M. Rainone, Esq.

On the Brief:
Mark E. Critchley, Esq.

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

BRIEF STATEMENT OF FACTS ............................................................................................1

LEGAL ARGUMENT.................................................................................................................3

      1.      Legal Standard ..................................................................................................3

      2.      The Agreement should be approved because it resolves a bona fide dispute and it is fair and reasonable to all Parties. ............................................................4

CONCLUSION............................................................................................................................7

# TABLE OF AUTHORITIES

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Bettger v. Crossmark, Inc.*,
    No. 13-cv-2030, 2015 U.S. Dist. LEXIS 7213 (M.D. Pa. Jan. 22, 2015) ................................. 3

*Brumley v. Camin Cargo Control, Inc.*,
    No. 08-cv-1798, 2012 U.S. Dist. LEXIS 40599 (D.N.J. Mar. 26, 2012) ................................. 3

*In re Chickie's & Pete's Wage & Hour Litig.*,
    No. 12-cv-6820, 2014 U.S. Dist. LEXIS 30366 (E.D. Pa. Mar. 7, 2014) ................................. 4

*Cuttic v. Crozer-Chester Med. Ctr.*,
    868 F. Supp. 2d 464 (E.D. Pa. 2012) ................................. 4

*Davis v. Abington Mem'l Hosp.*,
    765 F.3d 236 (3d Cir. 2014) ................................. 3

*Gabrielyan v. S.O. Rose Apts. LLC*,
    No. 15-cv-01771, 2015 U.S. Dist. LEXIS 135615 (D.N.J. Oct. 5, 2015)
    (Cecchi, J.) ................................. 3, 4, 6

*In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*,
    55 F.3d 768 (3d Cir. 1995) ................................. 5

*Rabbenou v. Dayan Foods, Ltd.*,
    No. 17-cv-1330, 2017 U.S. Dist. LEXIS 122055 (D.N.J. Aug. 3, 2017)
    (Salas, J.) ................................. 3, 5

*Singleton v. First Student Mgmt. LLC*,
    No. 13-cv-1744, 2014 U.S. Dist. LEXIS 108427 (D.N.J. Aug. 6, 2014) ................................. 4

**Statutes**

29 U.S.C. §§ 206-207 ................................. 1

29 U.S.C. § 216(b) ................................. 3

29 U.S.C. § 216(c) ................................. 3

N.J.S.A. 34:11-4.1 *et seq.* ................................. 1

N.J.S.A. 34:14-57 ................................. 1

29 CFR Part 541 ................................. 2, 5

## **PRELIMINARY STATEMENT**

Plaintiff Yilmaz Ucar ("Plaintiff") and Defendants Cinar Foods Inc. d/b/a Cinar Turkish Restaurant 1 Cliffside Park, Atos Food, LLC d/b/a Cinar Turkish Restaurant 2 West Caldwell, Cinar Emerson LLC d/b/a Cinar Turkish Restaurant 3 Emerson, Tunc Ozlu, Adem Baskaya, and Germen Tatar (collectively the "Defendants") (together, the "Parties") jointly seek approval of the Parties' Settlement Agreement (the "Agreement"). The Agreement provides for settlement payments totaling $45,000.00, to be paid as follows: $30,000.00 to Plaintiff and $15,000.00 to Plaintiff's counsel.

For the reasons discussed herein, the Parties respectfully seek an Order granting their Motion and approving the Agreement as a fair and adequate resolution of a bona fide dispute between the Parties arising under federal and state law.

## **BRIEF STATEMENT OF FACTS**

The Defendants owned and operated three restaurants in New Jersey, which primarily serve food and drinks to the public. At all relevant times to this matter, Plaintiff was employed as an executive Chef by one of the entity defendant restaurants, and was directed and controlled by one of the individual defendants. On April 27, 2018, Plaintiff filed a Complaint against Defendants seeking to recover unpaid minimum wages, overtime pay, and other monies, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206-207, the New Jersey State Wage and Hour Law ("NJWHL"), N.J.S.A. 34:14-57, and the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 *et seq.* (Dkt. No. 1). On July 17, 2018, Plaintiff filed an Amended Complaint asserting the same causes of action. (Dkt. No. 7). Plaintiff claimed that "despite working in excess of forty hours per week, [Plaintiff] was not paid overtime for the hours worked in excess of forty each week." *See* Amended Complaint ("Am. Comp.") at ¶1 (Dkt. No. 7). Plaintiff also alleges that

Defendants failed to regularly pay Defendant his contractual rate, the required minimum wage rate, and the required overtime premium rate. *See* Am. Comp. at ¶59-61.

Defendants filed an Answer to the Lawsuit, asserting certain Affirmative Defenses and denying any liability for the claims asserted in the Lawsuit, as well as counterclaims against Plaintiff. (Dkt. No. 6, 8). Defendants contend that Plaintiff was paid at a lawful rate at all relevant times. Defendants contend that they properly classified Plaintiff as overtime exempt because his duties as an executive chef and supervisor meet the duties tests for either or both of the executive and administrative exemptions under 29 CFR Part 541, and his weekly salary was more than the $455/week salary level threshold required by the same regulations. Moreover, absent the overtime exemption, Defendants contend Plaintiff was not eligible for overtime because he did not work more than forty (40) hours per week for Defendants.

Notably, Plaintiff never moved under Federal Rule 23 to certify a class. Similarly, Plaintiff did not seek to join additional claimants to the lawsuit. Accordingly, this matter involved one Plaintiff.

The Parties negotiated at arm's length and reached this Settlement Agreement in good faith by and before U.S. Magistrate Judge Michael A. Hammer on March 5, 2019 and the terms of that settlement were placed on the record with counsel and the Parties hereto present. This motion followed the settlement reached on March 5, 2019.

## **LEGAL ARGUMENT**

### 1.     **Legal Standard**

The FLSA establishes federal minimum wage, maximum hour and overtime guarantees that cannot be modified by contract. *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014).

When "employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Rabbenou v. Dayan Foods, Ltd.*, No. 17-cv-1330, 2017 U.S. Dist. LEXIS 122055, *2 (D.N.J. Aug. 3, 2017) (Salas, J.) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *Morales v. PepsiCo, Inc.*, No. 11-cv-6275, 2012 U.S. Dist. LEXIS 35284, *1 (D.N.J. Mar. 14, 2012)).

District courts in the Third Circuit have held that FLSA claims can be settled in two ways: 1) with the Department of Labor supervising the payment of unpaid minimum wages or overtime compensation pursuant to 29 U.S.C. § 216(c); or 2) with the district court's approval of a settlement under 29 U.S.C. § 216(b). *Rabbenou*, 2017 U.S. Dist. LEXIS 122055 at *2 n.1; *Gabrielyan v. S.O. Rose Apts. LLC*, No. 15-cv-01771, 2015 U.S. Dist. LEXIS 135615, *3 (D.N.J. Oct. 5, 2015) (Cecchi, J.) (citing *Bredbenner v. Liberty Travel, Inc.*, Nos. 09-cv-905, 09-cv-1248, 09-cv-4587, *18 (D.N.J. Apr. 8, 2011)); *Brumley v. Camin Cargo Control, Inc.*, No. 08-cv-1798, 2012 U.S. Dist. LEXIS 40599 (D.N.J. Mar. 26, 2012); *Bettger v. Crossmark, Inc.*, No. 13-cv-2030, 2015 U.S. Dist. LEXIS 7213, *3 (M.D. Pa. Jan. 22, 2015).

[A] district court "may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Rabbenou*, 2017 U.S. Dist. LEXIS 122055 at *2; *Gabrielyan*, 2015 U.S. Dist. LEXIS 135615 at

\*3-4; *In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-cv-6820, 2014 U.S. Dist. LEXIS 30366, \*2 (E.D. Pa. Mar. 7, 2014); *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp. 2d 464, 466 (E.D. Pa. 2012).

A proposed settlement resolves a "bona fide dispute" when it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Gabrielyan*, 2015 U.S. Dist. LEXIS 135615 at \*3-4 (quoting *Lynn's Food*, 679 F.2d at 1354). In determining whether a compromise is fair and reasonable, courts in the Third Circuit consider both: 1) whether the compromise is fair and reasonable to the employee, and 2) whether the compromise otherwise frustrates the implementation of the FLSA. *Id.* at \*4.; *see also Singleton v. First Student Mgmt. LLC*, No. 13-cv-1744, 2014 U.S. Dist. LEXIS 108427, \*8 (D.N.J. Aug. 6, 2014); *Chickie's*, 2014 U.S. Dist. LEXIS 30366 at \*2.

Thus, in determining whether to approve a settlement for FLSA claims, the Court must engage in a three-part analysis. First, the Court must determine that the settlement concerns a bona fide dispute. Second, the Court must determine that the settlement is fair and reasonable to the Plaintiff. Third, the Court must determine that the settlement does not frustrate the purpose of the FLSA. *Gabrielyan*, 2015 U.S. Dist. LEXIS 135615 at \*4.[1]

    **2.    The Agreement should be approved because it resolves a bona fide dispute and it is fair and reasonable to all Parties.**

First, there is a bona fide dispute between the Parties. The dispute concerns whether Plaintiff was properly classified as overtime exempt under the FLSA and, if not, whether Plaintiff

---

[1] The Court is not required to approve a settlement of Plaintiff's state law claims. *Gabrielyan*, 2015 U.S. Dist. LEXIS 135615 at \*4 n.1 (citing *Weismantle v. Jali*, No. 13-cv-1087, 2015 U.S. Dist. LEXIS 53435, \*1 (W.D. Pa. Apr. 23, 2015)) (noting that although parties seek approval of the settlement of FLSA claims, their parallel state law claims do not require judicial approval).

4

even worked sufficient weekly hours entitling him to overtime pay. Defendants alleged that Plaintiff was exempt from overtime pay pursuant to the executive and administrative exemptions under 29 CFR Part 541 and that he did not work more than forty (40) hours per week. Plaintiff alleges he was not exempt from FLSA coverage and therefore entitled to overtime wages under federal and state law. Defendants also allege Plaintiff did not regularly work more than 40 hours per week and, therefore, is not entitled to any overtime pay. Plaintiff alleges he did regularly work more than 40 hours per week and is entitled to overtime pay. As such, there is a bona fide dispute.

Second, the Agreement is fair and reasonable to Plaintiff. The Agreement provides for settlement payments totaling $45,000.00, to be paid as follows: $30,000.00 to Plaintiff and $15,000.00 to Plaintiff's counsel. Without such settlement, this action would result in extensive discovery and litigation, and potentially default. Every fact was in dispute between the Parties. Defendants have strong defenses to Plaintiff's claims, including that Plaintiff was exempt and did not work over forty hours. Moreover, Defendants are in poor financial condition. One of the defendant restaurants is out of business, another of the restaurants did not employ Plaintiff, and two of the three individual defendants are not "employers" of Plaintiff under the FLSA. Finally, if the litigation continued, Defendants would likely no longer be able to afford defense counsel and would have to proceed *pro se*.

Moreover, the Third Circuit has noted that the strong presumption in favor of voluntary settlement agreements is "especially strong" in class actions and other complex cases where substantial judicial resources can be conserved by avoiding formal litigation. *In re General Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 784 (3d Cir. 1995); *Rabbenou*, 2017 U.S. Dist. LEXIS 122055 at *2 n.2 (noting the "strong presumption in favor of settlement") (citing *Farris v. J.C. Penney Co.*, 176 F.3d 706, 711 (3d Cir. 1999)). The Agreement furthers that

purpose and will conserve substantial judicial resources. Thus, the Agreement is fair and reasonable as it guarantees a financial amount for Plaintiff, and avoids extensive litigation.

Third, the Agreement does not frustrate the purposes of the FLSA. Defendants continue to deny liability. *See* Exhibit A at ¶ 6. Resolution of these claims through trial would be expensive and difficult for Plaintiff. As stated above, there is a bona fide dispute between the Parties and the compromise reached is fair and reasonable without violation of the FLSA. *Gabrielyan*, 2015 U.S. Dist. LEXIS 135615 at *4.

## **CONCLUSION**

For the reasons above, it is respectfully submitted that the Court grant the Parties' Motion and approve the settlement.

Respectfully submitted,

| | |
|---|---|
| s/ Robert D. Salaman | s/ Anthony Rainone |
| Robert D. Salaman, Esq. | Anthony M. Rainone, Esq. |
| AKIN LAW GROUP PLLC | Mark E. Critchley, Esq. |
| 45 Broadway, Suite 1420 | BRACH EICHLER LLC |
| New York, New York 10006 | 101 Eisenhower Parkway, Suite 201 |
| Tel: (212) 825-1400 | Roseland, NJ 07068 |
| rob@akinlaws.com | Tel: (973) 228-5700 |
| *Attorneys for Plaintiff* | Fax: (973) 618-5972 |
| | arainone@bracheichler.com |
| | *Attorneys for the Defendants/Counterclaimants* |

Dated: May 3, 2019